## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) | |
| | ) | C.A. NO.: 21-cv-380 |
| | ) | |
| Plaintiff, | ) | Electronically Filed |
| | ) | |
| vs. | ) | |
| | ) | |
| OLD RIVER ROAD DEVELOPMENT, LLC; | ) | |
| KENNETH BOCK, UNITED HOME CONSTRUCTION | ) | |
| CO., INC., and JOHN CULLEN | ) | |
| Defendants. | ) | |

## COMPLAINT

## INTRODUCTORY STATEMENT

This is a Declaratory Judgment action brought pursuant to 28 U.S.C. sec. 1332 in which the Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration that it is not obligated to defend and/or indemnify its insured, Old River Road Development LLC ("Old River Road") and/or Kenneth Bock ("Bock"), in his capacity as a member or manager of Old River Road, with respect to two Rhode Island Superior Court lawsuits brought by John Cullen ("Cullen") against Old River Road and/or Bock in the Providence County Superior Court asserting claims for: (1) wrongful removal of trees from Cullen's property; and (2) specific performance to restore a stone wall removed from Old River Road's property. Atain asserts that the applicable Commercial General Liability Policy expressly excludes coverage for Cullen's claims as the claims do not constitute an 'occurrence' and are further excluded by the applicable terms and conditions of the policy.

1

## PARTIES

1.  The Plaintiff, Atain Specialty Insurance Company ("Atain"), is a Michigan Corporation with its usual place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2.  The Defendant Old River Road is a Rhode Island limited liability corporation with a usual place of business at 21 Brielle Lane, Cranston, State of Rhode Island.

3.  The Defendant Bock is a Rhode Island resident who resides at 21 Brielle Lane, Cranston, State of Rhode Island.

4.  The Defendant Cullen is a Rhode Island resident who resides at 99 Old River Road, Lincoln, Rhode Island.

5.  The Defendant United Home Construction Co., Inc. is a Rhode Island business corporation with a usual place of business at 21 Brielle Lane, Cranston, State of Rhode Island

## JURISDICTION AND VENUE

6.  Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are of citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

7.  Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district, Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

## FACTS

8.  Atain issued a Commercial General Liability policy for the period of October 20, 2020 through April 20, 2021 to the Defendant Old River Road.  A true and accurate copy of the Atain policy is attached hereto as **Exhibit 1**.

9.  The policy provides as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    \*     \*     \*     \*     \*     \*     \*     \*     \*

**SECTION V – DEFINITIONS**

    \*     \*     \*     \*     \*     \*     \*     \*     \*

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.**  "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured.  All such loss of us shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

    \*     \*     \*     \*     \*     \*     \*     \*     \*

2.  **Exclusions**

This insurance does not apply to:

**a.   Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

    \*     \*     \*     \*     \*     \*     \*     \*     \*

**j.  Damage to Property**

"Property damage" to:

(1)  Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason . . .

       *     *     *     *     *     *     *     *     *

(5)  That particular party of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations if "property damage" arises out of those operations.

10. The Defendant Cullen has filed an amended complaint in the Providence County Superior Court captioned *John Cullen v. Kenneth Bock* No.: 2021-7326 ("State Court Complaint – Tree Claim") asserting claims for trespass and violation of R.I. G.L. § 34-20-1[1] Liability for unauthorized cutting of trees or wood against Bock and Old River Road.  A true and accurate copy of the amended State Court Complaint – Tree Claim is attached hereto as **Exhibit 2.**

11. Cullen alleges that Old River Road and/or Bock entered onto the Cullen Land without permission and destroyed several mature trees (State Court Complaint – Tree Claim, para. 10); Old River Road and/or Bock entered onto Cullen's land without permission and the intentionally intrusion onto Cullen's land caused Cullen damages, including three times the value of the trees (paras. 21-22, 25-26).

12. Cullen has demanded $73,955.00 to settle the State Court Complaint – Tree Claim.

13. In connection with the State Court Complaint- Tree Claim, Atain is providing Old River Road and Bock with a defense subject to a reservation of rights.

14. The State Court Complaint – Tree Claim is not covered by the policy as the allegations in the complaint do not constitute an accident or occurrence.

15. The State Court Complaint – Tree Claim is excluded by the policy as the complaint alleges an intentional act and the policy excludes coverage for property damage expected or intended from the standpoint of the insured.

16. The State Court Complaint – Tree Claim is excluded by the policy as the complaint alleges property damage arising out of Old River Road and/or Bock's operations.

17. The Defendant Cullen has filed a complaint for equitable relief in the Providence County Superior Court captioned *John Cullen v. Kenneth Bock* No.: 2021-7327 ("State Court

---

[1] The statute provides: Every person who shall cut, destroy, or carry away any tree, timber, wood or underwood whatsoever, lying or growing on the land of any other person, without leave of the owner thereof, shall, for every such trespass, pay the party injured twice the value of any tree so cut, destroyed, or carried away; and for the wood or underwood, thrice the value thereof; to be recovered by civil action.

Complaint – Stone Wall Claim") seeking equitable relief to compel Bock to restore a stone wall he removed from property belonging to Old River Road in breach of the parties' agreement with respect to the stone wall.  A true and accurate copy of the State Court Complaint – Stone Wall Claim is attached hereto as **Exhibit 3.**

18. Atain has declined to provide Bock a defense to the State Court Complaint – Stone Wall Claim as the claim fails to establish an occurrence, fails to assert property damage to a third party's property, solely asserts a claim for breach of contract and equitable relief, and, is further excluded by the terms and conditions of the policy.

19. The State Court Complaint – Stone Wall Claim is not covered by the policy as the allegations in the complaint for breach of contract do not constitute an accident or occurrence.

20. The State Court Complaint – Stone Wall Claim is excluded by the policy as the complaint alleges an intentional act and the policy excludes coverage for property damage expected or intended from the standpoint of the insured.

21. The State Court Complaint – Tree Claim is excluded by the policy as the complaint alleges property damage to property owned by the insured, Old River Road.

22. Accordingly, Atain seeks a declaration from this Court that the policy excludes coverage for Cullen's claims as set forth herein as the claims are not covered by the policy and are expressly excluded by the policy.

## COUNT I
## STATE COURT COMPLAINT – TREE CLAIM

23. The Plaintiff incorporates herein the allegations of paragraphs 1-22.

24. Atain has presented an actual controversy within the jurisdiction of this Court with respect to Atain's obligation to provide Old River Road and/or Bock with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Old River Road.

25. Pursuant to the Commercial General Liability policy issued to Old River Road the claims set forth in *John Cullen v. Kenneth Bock* No.: 2021-7326, the State Court Complaint – Tree Claim, do not constitute an accident or occurrence.

26.  Pursuant to the Commercial General Liability policy issued to Old River Road the claims set forth in *John Cullen v. Kenneth Bock* No.: 2021-7326, the State Court Complaint – Tree Claim, are excluded as the claims constitute property damage expected or intended from the standpoint of the insured.

27. Pursuant to the Commercial General Liability policy issued to Old River Road the claims set forth in *John Cullen v. Kenneth Bock* No.: 2021-7326, the State Court Complaint – Tree Claim, are excluded as the claims arise out of the insured's operations.

28. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted *John Cullen v. Kenneth Bock* No.: 2021-7326, the State Court Complaint – Tree Claim and Atain owes the insured neither a duty to defend nor indemnify.

## COUNT II
## STATE COURT COMPLAINT – STONE WALL CLAIM

29. The Plaintiff incorporates herein the allegations of paragraphs 1-28.

30. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide Old River Road and/or Bock with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Old River Road.

31. Pursuant to the Commercial General Liability policy issued to Old River Road the claims set forth in *John Cullen v. Kenneth Bock* No.: 2021-7327, the State Court Complaint – Stone Wall Claim, do not constitute an accident or occurrence.

32. Pursuant to the Commercial General Liability policy issued to Old River Road the claims set forth in *John Cullen v. Kenneth Bock* No.: 2021-7327, the State Court Complaint – Stone Wall Claim, do not constitute a property damage.

33. Pursuant to the Commercial General Liability policy issued to Old River Road the claims set forth in *John Cullen v. Kenneth Bock* No.: 2021-7327, the State Court Complaint – Stone Wall Claim, are excluded as the claims constitute property damage expected or intended from the standpoint of the insured.

34. Pursuant to the Commercial General Liability policy issued to Old River Road the claims set forth in *John Cullen v. Kenneth Bock* No.: 2021-7327, the State Court Complaint – Stone Wall Claim, are excluded as the claims arise out of property damage to property owned by the insured.

35. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted *John Cullen v. Kenneth Bock* No.: 2021-7327, the State Court Complaint – Stone Wall Claim and Atain owes the insured neither a duty to defend nor indemnify.

**WHEREFORE**, Atain requests this Honorable Court to declare that coverage does not exist under the Atain policy for the claims made against Old River Road and/or Bock as set forth

in *John Cullen v. Kenneth Bock* Providence Superior Court Civ. Act. No.: 2021-7326 and *John Cullen v. Kenneth Bock* No.: Providence Superior Court Civ. Act. No. 2021-7327.  Atain further requests that this Honorable Court declare that Atain has neither a duty to defend nor a duty to indemnify Old River Road and/or Bock for the claims set forth *John Cullen v. Kenneth Bock* Providence Superior Court Civ. Act. No.: 2021-7326 and *John Cullen v. Kenneth Bock* No.: Providence Superior Court Civ. Act. No. 2021-7327.

.

Respectfully Submitted,
Atain Specialty Insurance Company
By Its Attorneys,


/s/ Matthew W. Perkins
Matthew W. Perkins, No. 6097
Lecomte, Emanuelson and Doyle
Batterymarch Park II, One Pine Hill Drive
Suite 105, Quincy, MA 02169
(617) 328-1900
mperkins@lecomtelaw.com

Dated: October 25, 2022