UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) C.A. No. 1:22-cv-00380-MSM-LDA |
| OLD RIVER ROAD DEVELOPMENT, LLC; KENNETH BOCK; UNITED HOME CONSTRUCTION, INC.; and JOHN CULLEN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the plaintiff, Atain Specialty Insurance Company's, Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 25.) Atain, an insurer, seeks a declaration from this Court that it does not have a duty to defend or indemnify its insureds, defendants Old River Road Development, LLC and its member or manager Kenneth Bock, with respect to a lawsuit filed by John Cullen in Rhode Island Superior Court for the defendants' alleged wrongful removal of trees from Mr. Cullen's property.

For the following reasons, the Court DENIES Atain's Motion on the issue of the duty to defend and DENIES WITHOUT PREJUDICE on the issue of the duty to indemnify.

1

## I.   BACKGROUND

Kenneth Bock acquired land in Lincoln, Rhode Island, from John Cullen to build a large development project. (ECF No. 25-1 at 89 ¶¶ 7-8.) As part of the transaction, a portion of the land defined in the purchase and sale agreement as the "Cullen Land" was merged into Mr. Cullen's abutting lot. *Id.* ¶ 9. A diagram attached to the underlying state-court complaint indicates that this Cullen Land is a narrow strip of land between the remainder of Cullen's property and the Bock property. *See Cullen v. Bock et al.*, PC-2021-07326 (Amended Complaint, Ex. A).

Mr. Cullen has filed suit in Rhode Island Superior Court against Mr. Bock, United Home Construction, Inc. and Old River Road Development, LLC ("Old River Road") and has alleged that sometime after the land transfer, the defendants entered onto the Cullen Land "without permission and destroyed several mature trees." *Id.* ¶ 10. At some point thereafter, the defendants received an email from their surveyor, Paul D. Carlson, P.E., attaching a diagram indicating that trees that were cut down were on the Cullen Land. *Id.* ¶¶ 11-12. Mr. Cullen next alleges that "Mr. Bock, and upon information and belief the other Defendants, were aware of the trespass and tree destruction after Mr. Cullen alerted them." *Id.* ¶ 14. He further alleges that "Mr. Bock and Mr. Carlson came on site to the Cullen Land and acknowledged the mistake of cutting of the trees to Plaintiff." *Id.* ¶ 15.

Mr. Cullen has asserted against the defendants in the underlying complaint a claim for trespass (Count I) and a claim under Rhode Island's tree-cutting statute, R.I.G.L. § 34-20-1 (Count II). Regarding trespass, he alleges that the defendants

"entered onto the Cullen Land without permission and destroyed several mature trees" and that this "intentional intrusion" caused damages. *Id.* ¶¶ 21-22. On the § 34-20-1 claim, Mr. Cullen similarly alleged that the defendants "entered onto the Cullen Land without permission and destroyed several mature trees, and caused wood from the trees to be carried away without Plaintiff's permission." *Id.* ¶ 25.

Atain, the plaintiff in the instant case, issued a commercial general liability policy ("the Policy") to defendant Old River Road. (ECF No. 1 ¶ 8.) Mr. Bock, as a member or manager of the Old River Road limited liability company, is a definitional insured under the Policy. (ECF No. 25-1 at 53.) Atain currently is providing Old River Road and Mr. Bock with a defense against Mr. Cullen's underlying state-court action, subject to a reservation of rights. But Atain has filed this case seeking a declaratory judgment that per the Policy terms, it has no duty to defend and indemnify Old River Road or Mr. Bock in that underlying case.

## II. JUDGMENT ON THE PLEADINGS STANDARD

"The Court considers a motion for judgment on the pleadings under Rule 12(c) according to the same standard by which it decides a Rule 12(b)(6) motion." *Am. States Ins. v. LaFlam*, 808 F. Supp. 2d 400, 403 (D.R.I. 2011) (citing *Burns v. Conley*, 526 F. Supp. 2d 235, 241 (D.R.I. 2007)). As such, the Court "view[s] the facts contained in the pleadings in the light most flattering to the nonmovant[ ] ... and draw[s] all reasonable inferences therefrom in [its] favor." *Aponte-Torres*, 445 F.3d at 54 (citing *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)). The plaintiff must state "factual allegations that 'raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true.'" *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)).

Because this case was brought pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332, the Court applies the substantive law of the state of Rhode Island. *See Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011).

### III.   DISCUSSION

A liability insurance policy, such as the one at issue here, generally provides two things to an insured who has been served with a lawsuit: defense and indemnity. A defense is the insurer's hiring and paying of defense counsel to represent the insured. Indemnity is the insurer's paying of a judgment or settlement on behalf of the insured. Both defense and indemnity are subject to the terms, limitations, or exclusions in the policy. As the Policy at issue here explains:

> We [Atain] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
> (ECF No. 25-1 at 58.)[1]

More specifically, the Policy only applies to damages caused by an "occurrence," a term that the Policy defines "an accident, including continuous or repeated exposure

---

[1] Because the Policy and the underlying state-court complaint were attached to Atain's Complaint (ECF No. 1) they are part of the pleadings and the Court properly can consider them on this Motion for Judgment on the Pleadings. *See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).

4

to substantially the same general harmful conditions." *Id.* at 72. The Policy does not, however, define the term "accident." In considering a similar policy, the Rhode Island Supreme Court filled in this blank by reliance upon the "plain and ordinary meaning of the term 'accident' as 'an unintended and unforeseen injurious occurrence.'" *Med. Malpractice Joint Underwriting Ass'n of R.I. v. Charlesgate Nursing Ctr., L.P.*, 115 A.3d 998, 1005 (R.I. 2015). Whether an occurrence is intended is determined from the perspective of the insured. *Id.*

It is Atain's position that the trespass and tree cutting giving rise to the underlying lawsuit were intentional acts—not accidents—and therefore not an "occurrence" for which defense and indemnity is required. Or, if the tortious acts are to be construed as an "occurrence," coverage (that is, defense and indemnity) is precluded under certain Policy exclusions.

### A. The Duty to Defend

The Court first considers Atain's duty to defend the underlying lawsuit. Rhode Island law directs courts to apply the "pleadings test" to determine the existence of this duty. *Bacon Constr. Co., Inc. v. Arbella Prot. Ins. Co., Inc.*, 208 A.3d 595, 601 (R.I. 2019); *Quality Concrete Corp. v. Travelers Prop. Cas. Co. of Am.*, 43 A.3d 16, 20 (R.I. 2012). "Under the pleadings test, the insurer's duty to defend is ascertained by laying the complaint alongside the policy; if the allegations in the complaint fall within the risk insured against in the policy, the insurer is said to be duty-bound to provide a defense for the insured." *Emhart Indus., Inc. v. Home Ins. Co.,* 515 F. Supp. 2d 228, 236 (D.R.I. 2007), *aff'd*, 559 F.3d 67 (1st Cir. 2009). Notably, and particularly

because facts are generally not established at the pleadings stage, "when a complaint contains a statement of facts which brings the case within or *potentially within* the risk coverage of the policy, the insurer has an unequivocal duty to defend." *Bacon Constr. Co, Inc.*, 208 A.3d at 601 (emphasis added). It is for this reason that the duty to defend is said to be broader than the duty to indemnify: an insurer may be required to defend claims for which, once the facts are established, it has no duty to indemnify.

1. **An "Occurrence" Under the Policy**

The first question here is whether the claim of trespass and the claim under the tree-cutting statute, as plead in the underlying complaint, fall within the "risk coverage of the policy"; that is, whether the facts alleged can be construed as an "occurrence." *See id.*

Under Rhode Island law, a trespasser is "[o]ne who intentionally and without consent or privilege enters another's property." *Bennett v. Napolitano*, 746 A.2d 138, 141 (R.I. 2000). Because trespass is an intentional tort, Atain argues, it is not an accident and thus cannot be an "occurrence." But the Court does not find this case so cut and dried. It is hornbook law that trespass can be done mistakenly or even in good faith. *See* Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, *The Law of Torts* § 50 (2d ed.) A person can intend to enter a portion of land, not know that it is private property, and be liable as a trespasser. *Id.* And there is evidence that this view is accepted in Rhode Island law. *See Smith v. Hart*, No. 99-109, 2005 WL 374350, at *5 (R.I. Super. Feb. 7, 2005), *as amended* (Mar. 1, 2005) ("The defendant is liable for an intentional entry although he has acted in good faith, under the mistaken belief,

6

however reasonable, that he is committing no wrong. Thus, he is a trespasser although he believes the land is his own…") (quoting William L. Prosser, *The Law of Torts,* 4th ed., at 63).

Here, the facts as alleged in the underlying complaint allow for the potential that the defendants' entry onto the Cullen Land was done mistakenly and, therefore, that the cutting of trees belonging to Mr. Cullen was also done mistakenly. For instance, Mr. Cullen alleges in his Amended Complaint that the defendants "were aware of the trespass and tree destruction *after* Mr. Cullen alerted them," and that "Mr. Bock … came on site to the Cullen Land and acknowledged the *mistake* of cutting of the trees to Plaintiff." (ECF No. 25-1 at 89 ¶¶ 14-15 (emphasis added.))

The question then is whether the potentially mistaken, albeit intentional, entry and cutting of trees on the Cullen Land was an "occurrence" under the Policy. The Court finds that it is for purposes of the pleadings test to determine the duty to defend. Yes, the defendants' entering onto the Cullen Land and cutting trees there was done intentionally, but the underlying complaint is broad enough to allow for a finding that the defendants were on the Cullen Land accidentally—that is, without knowing that they had crossed onto the Cullen Land. The Court finds persuasive an analogous case from the District of Massachusetts which held that the complaint's allegations provided the potential for "an intentional entry [that] would be a trespass, but it would be one predicated on a mistake, making it an accident for present purposes." *Partington Builders, LLC v. Nautilus Ins. Co.*, No. 22-cv-10040-DLC, 2023 WL 1767605, at *7 (D. Mass. Feb. 3, 2023).

7

Atain's claim regarding the tree-cutting statute fares similarly. That statute, R.I.G.L. § 34-20-1, provides as follows:

> Every person who shall cut, destroy, or carry away any tree, timber, wood or underwood whatsoever, lying or growing on the land of any other person, without leave of the owner thereof, shall, for every such trespass, pay the party injured twice the value of any tree so cut, destroyed, or carried away; and for the wood or underwood, thrice the value thereof; to be recovered by civil action.

Nothing in the statute precludes a violation caused by an accident. A defendant need only cut a tree but could do so under a mistaken belief he or she was allowed to do so. Here, as explained, the broad allegations of the underlying complaint include the potential that although the defendants intentionally entered the land and cut trees, they did so mistakenly; that is, accidentally.

### 2. Policy Exclusions

Atain next argues that even if there was an "occurrence," that certain policy exclusions instead serve to preclude coverage. First, Atain points to the "expected or intended injury" exclusion which excludes coverage for "'property damage' expected or intended from the standpoint of the insured." (ECF No. 25-1 at 59.) This exclusion applies when the insured expects or intends the harmful result for which it may be liable to a third party. *See Couch on Ins.* § 103:25 (3d ed.) ("In the context of liability insurance, the word 'intent' is used to denote that the actor desires to cause the consequences of his or her act or believe that some consequences are substantially certain to result from his or her act.").

Here, while the defendants entered onto Mr. Cullen's property and cut trees intentionally, there are no allegations that the defendants intended to harm Mr.

8

Cullen's property and, as noted, the underlying complaint indicates the possibility that the trespass and tree cutting were done mistakenly. To apply this expected or intended injury exclusion would be to "conflate[] an intentional act with an intended result." *Partington Builders*, 2023 WL 1767605, at *7. Thus, the Court finds this exclusion does not operate to preclude coverage here.

Atain next argues that the "workmanship exclusions" preclude coverage. These Policy provisions exclude coverage for property damage to:

> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations if "property damage" arises out of those operations.
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
> (ECF No. 25-1 at 62.)

These exclusions, which have been held to be unambiguous by the Rhode Island Supreme Court, are designed to preclude coverage for faulty workmanship, which is not an insurable accident but a business risk to be borne by the insured. *See Emp. Mut. Cas. Co. v. Pires*, 723 A.2d 295, 298-99 (R.I. 1999); 9A *Couch on Insurance* § 129:18 (3d ed. 2023). Thus, it stands to reason, as other courts have held, that the exclusion applies when the insured does damage to the property of a party for whom it is doing work and on the specific property that the party authorized work.[2] For

---

[2] *See, e.g.*, *Partington Builders*, 2023 WL 1767605, at *8; *Bighorn Logging Corp. v. Truck Ins. Exch.*, 437 P.3d 287, 832 (Or. Ct. App. 2019); *Pacific Indem. Co. v. Lampro*, 12 N.E.3d 1037, 1043-44 (Mass. App. Ct. 2014) ("When assessing whether exclusion (j)(6), the "your work" exclusion, is applicable, we distinguish between improper work performed by the insured that damages the property of a party to the contract, and

9

example, if an owner of a condominium unit hired a contractor to remove and replace windows and the contractor did so improperly, the exclusion would apply. But if the contractor also mistakenly removed windows on an adjacent, separately owned condominium unit that he was not hired to work on, the exclusion would not apply.

Here, the allegations of the underlying complaint indicate that Mr. Cullen, a third party, did not authorize work on his land. As such, the workmanship exclusions do not apply.

### B. The Duty to Indemnify

The Court finds that it is premature to decide whether Atain has a duty to indemnify the defendants in the ongoing underlying lawsuit. "Unlike the duty to defend, an insurance company's obligation to indemnify depends upon whether the actual facts upon which the insured's liability ultimately is predicated fall within the coverage of the policy." *Emps. Mut. Cas. Co. v. PIC Contractors, Inc.*, 24 F. Supp. 2d 212, 217 (D.R.I. 1998). Because the facts of the underlying state-court action have not yet been determined, the prudent course is to deny Atain's motion without prejudice with respect to the duty to indemnify and stay the instant matter until there is a factual determination in the superior court.

### IV. CONCLUSION

For the foregoing reasons, Atain's Motion for Judgment on the Pleadings (ECF NO. 25) is DENIED on the issue of the duty to defend and DENIED WITHOUT PREJUDICE on the issue of the duty to indemnify. Further, the Court STAYS this

---

damage done to a third-party."); *Pekin Ins. Co. v. Miller*, 854 N.E.2d 693, 698 (Ill. Ct. App. 2006).

matter until the relevant factual determinations are made in the superior court action, PC-2021-07326.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
September 22, 2023